NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYLOR PACKWOOD; ANDREA WOOD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COUNTY OF CONTRA COSTA; CONTRA COSTA CHILDREN AND FAMILY SERVICES; CONTRA COSTA COUNTY OFFICE OF THE SHERIFF; DAVID LIVINGSTON, Sheriff; KELLIE CASE; EDYTH WILLIAMS; CECELIA GUTIERREZ; ACADIA CHIDI; RAVINDER BAINS; ERICA BAINS, <br><br> Defendants - Appellees. | No. 24-1760 <br><br> D.C. No. 3:23-cv-01003-MMC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted February 6, 2025[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.***

Andrea Wood ("Wood") and Taylor Packwood ("Packwood") (collectively, "Appellants") appeal the district court's judgment dismissing their action alleging various claims arising from state court proceedings. We review de novo a dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Appellants contend that their due process rights were violated in state court proceedings due to the alleged alteration of a certified court transcript and false testimony offered by social workers. But as Appellants conceded in their operative complaint and opening brief on appeal, these claims were adjudicated by the California Court of Appeal. The district court properly dismissed Appellants' action as barred by the *Rooker-Feldman* doctrine because it amounted to a "forbidden de facto appeal" of a prior state court judgment and raised claims that were "inextricably intertwined" with that judgment.[1] *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (per curiam) (quoting *Noel*, 341 F.3d at 1163); *see also*

---

***  The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[1] Because the *Rooker-Feldman* doctrine applies to Appellants' allegation about the social workers' testimony, we need not address the district court's ruling concerning absolute witness immunity.

*Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (finding that claims are "inextricably intertwined" with the state court ruling if "the relief requested in the federal action would effectively reverse the state court decision or void its ruling" (internal quotation marks omitted)).

2.  We review the district court's denial of leave to amend for abuse of discretion.  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).  The district court did not abuse its discretion in denying leave to amend. Because Appellants have not demonstrated that they could replead their due process claims to avoid the *Rooker-Feldman* jurisdictional bar, granting leave to amend would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**